Filed 1/7/16  P. v. Cleland CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063603 |
| v. | (Super.Ct.No. FVI1402418) |
| KENNETH EUGENE CLELAND, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Forest M. Wilkerson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Kenneth Eugene Cleland pled guilty to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1),

count 2)[1] and admitted that he had one prior strike conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)). In accordance with the plea agreement, a trial court sentenced him to two years on count 2, doubled pursuant to the strike conviction, for a total term of four years in state prison.

Defendant filed a timely notice of appeal. We affirm.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>[2]

About 11:30 p.m. on June 28, 2014, Officer Britain Speakman was driving in his patrol car when he observed what appeared to be a "hand-to-hand narcotic transaction." As he parked and exited his car, he recognized one of the individuals involved as a person on felony probation. Speakman had several prior contacts with him in the past. Speakman observed that individual hand something to defendant, and defendant put the item in his front pocket. Speakman immediately approached defendant and asked him what was in his pocket. Defendant said, "Nothing." The officer manipulated the outside of defendant's pocket to see what was in there. The only object in defendant's pocket was a round, hard object. The officer reached in to retrieve it. It was a container which Officer Speakman observed to contain a white crystalline substance that was consistent with methamphetamine. He asked defendant what it was, and defendant said it was dope. Defendant said he needed a quick fix. Officer Speakman also found approximately

_____

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] The facts are taken from the preliminary hearing transcript.

2

$1,000 in small bills on defendant. The officer arrested defendant and the other individual.

Based on the evidence, Officer Speakman obtained a search warrant for defendant's residence. Upon execution, the officer entered defendant's residence and found hundreds of rounds of ammunition and suspected narcotics. Another officer found a shotgun and handgun ammunition inside a recreational vehicle on defendant's property.

On June 30, 2014, defendant was charged by felony complaint with possession for sale of a controlled substance (Health & Saf. Code, § 11378, count 1), being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1), count 2), possession of ammunition (Pen. Code, § 30305, subd. (a)(1), count 3), possession of a billy weapon (Pen. Code, § 22210, count 4), and receiving stolen property (Pen. Code, § 496, subd. (a), count 5). The complaint also alleged that defendant had one prior strike conviction (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and had served two prior prison terms (Pen. Code, § 667.5, subd. (b)).

On July 17, 2014, defendant filed a motion to suppress the evidence pursuant to section 1538.5, subdivision (a)(1)(A)(i). The People filed an opposition to the motion. The court held the preliminary hearing and motion to suppress hearing concurrently. The court denied the motion and held defendant to answer to all counts and allegations.

On August 4, 2014, the People filed an information, which included the same counts and allegations as the felony complaint, except for count 5, which was left off. Defendant pled not guilty and denied all allegations. He then filed a renewed motion to suppress evidence. The court again denied the motion.

3

On May 15, 2015, defendant entered a plea agreement and pled guilty to count 2 and admitted the prior strike. In accordance with the agreement, the court sentenced him to a total of four years in state prison and dismissed the remaining counts and allegations.

Defendant filed an amended notice of appeal on May 27, 2015, based on the sentence or other matters that occurred after the plea, as well as the denial of a motion to suppress.

ANALYSIS

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a brief statement of the facts, and identifying two potential arguable issues: (1) whether the police violated defendant's Fourth Amendment right to be free from unlawful searches and seizures when it detained him for having hand-to-hand contact with a known probationer; and (2) whether the police violated his Fourth Amendment rights when it conducted a warrantless seizure of a container in his pocket.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
Acting P. J.


We concur:


KING
J.


MILLER
J.